## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DMITRY KRUGLOV, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-2305 (UNA) |
| | ) | |
| UNITED STATES CITIZENSHIP | ) | |
| AND IMMIGRATION SERVICE, | ) | |
| | ) | |
| *Defendant*. | ) | |

### <u>MEMORANDUM OPINION</u>

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1).  The Court GRANTS the application, and for the reasons discussed below, DISMISSES the case without prejudice.

Kruglov's first theory in this complaint fails because he has no cause of action.  Plaintiff alleges he submitted to defendant an Application for Travel Document along with an application fee, a request to expedite the application, and a request to waive the biometrics fee.  *See* Compl. at 1; Pl. Aff. (ECF No. 1-1) at 1.  He states defendant advised that it "already has his biometric data, so Plaintiff doesn't have to go to biometric appointment, but if biometric fee was already paid, it will not be refunded."  Pl. Aff. at 1.  By refusing to process his application without a biometric fee notwithstanding his waiver request, and by demanding a biometric fee when defendant already had his biometric data, plaintiff alleges, defendant engaged in a scheme to defraud in violation of 18 U.S.C. § 1341.  *See* Compl. at 2.

Because there is no private right of action under the cited criminal statute, Plaintiff's First Cause of Action must be dismissed.  *See Short v. Hook Sun Eu*, No. 1:20-cv-02425, 2020 WL

1

5946070, at *1 (D.D.C. Oct. 6, 2020); *Rodriguez v. Shulman*, 844 F. Supp. 2d 1, 13 (D.D.C. 2012),;

*Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 458, 466 (D.D.C. 1994).

Plaintiff's second and third theories are far too vague.  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  Plaintiff's complaint does not meet that standard, because it, among other things, fails to explain what "policies, practices, and customs" or failures in supervision lead to his alleged mistreatment.

An Order is issued separately.

DATE:  March 17, 2024

CARL J. NICHOLS
United States District Judge

2